IN THE DISTRICT COURT WITHIN AND FOR MCCURTAIN COUNTY
STATE OF OKLAHOMA

BRIAN KRUSE,

    Plaintiff,

vs.

Ohio Casualty Corporation,
Ohio Casualty Insurance Company,
Liberty Mutual Insurance Company,
and America First Insurance Company,

    Defendants.

No. CJ-12-3

COURT CLERK'S OFFICE
McCurtain, State of Oklahoma
FILED
JAN 03 2012
VICKI JUSTUS, Court Clerk
By_____ DEPUTY

## PETITION

The Plaintiff, Brian Kruse, by and through his attorneys, Mark E. Fields of Steidley & Neal, P.L.L.C., and Kevin T. Sain, Idabel, Oklahoma, for his Petition against the Defendants, Ohio Casualty Corporation, Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and America First Insurance Company, alleges and states as follows:

1.     Plaintiff is a resident of Idabel, McCurtain County, State of Oklahoma. This Court has jurisdiction over the parties and is the proper venue for this action.

2.     Defendant Ohio Casualty Corporation is an Ohio Corporation with its principal place of business in Ohio, and is an insurance company doing business in the State of Oklahoma.

3.     Defendant Ohio Casualty Insurance Company, is an Ohio Corporation with its principal place of business in Ohio, and is an insurance company doing business in the State of Oklahoma.

4.     Defendant Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business in Massachusetts, and is an insurance company doing business in the

1

State of Oklahoma.

5.  Defendant America First Insurance Company is a New Hampshire corporation with its principal place of business in New Hampshire, and is an insurance company doing business in the State of Oklahoma.

6.  Jurisdiction and venue are proper in McCurtain County, Oklahoma.

7.  On or about April 30, 2010, Plaintiff was involved in a motor vehicle accident with an underinsured motorist, causing significant and permanant injuries to Plaintiff.

8.  On or about April 30, 2010, Plaintiff had a policy of insurance, policy # BAO (11) 52 15 24 75, on the vehicle he was operating issued by Defendants, which included uninsured/underinsured motorist coverage designed to provide protection to anyone occupying a covered auto in the event of an accident resulting in injuries and damages caused by an underinsured motorist. At all times material hereto, the policy of insurance related to this matter was in full force and effect and Plaintiff has complied with his obligations under the insurance policy.

9.  Upon information and belief, Ohio Casualty Insurance Company is a wholly owned subsidiary of Ohio Casualty Corporation.

10. Upon information and belief, Ohio Casualty Corporation was acquired by Liberty Mutual Insurance Company, and Ohio Casualty Corporation, Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and America First Insurance Company, may or may not exist as separate legal entities.

11. Plaintiff's claims were seemingly handled by employees of both Defendant Ohio Casualty Insurance Company and America First Insurance Company.

12. On May 2, 2011, Defendant America First Insurance representative Gwendyolyn

2

Stephens granted Plaintiff's request for a waiver of subrogation concerning the tortfeasor's liability limits offer, and acknowledged Plaintiff's UM claim.

13. On July 25, 2011, Plaintiff mailed a settlement package consisting of Plaintiff's medical records and bills to Defendant America First representative Gwendolyn Stephens, requesting the UM limits.

14. Defendants failed to respond to the July 25, 2011 settlement package. On October 13, 2011, Plaintiff faxed a letter to Defendant America First representative Gwendolyn Stephens requesting a response to the July 25, 2011 settlement package.

15. Defendants failed to respond to the October 13, 2011 letter. On October 18, 2011, Plaintiff telephoned Defendant America First representative Gwendolyn Stephens. Defendant America First representative Maggie Wright answered the call and advised Mrs. Stephens employment with Defendant America First ended at least two (2) weeks earlier. Mrs. Wright acknowledged Plaintiff's claim had been re-assigned to her.

16. On October 18, 2011, Plaintiff confirmed the conversation with a faxed letter to Mrs. Wright, requesting that she provide a response to Plaintiff's claim.

17. Defendants failed to respond to the October 18, 2011 letter requesting a response to the UM settlement package. On December 1, 2011, Plaintiff faxed a letter to Defendant America First representative Maggie Wright requesting a response to the UM settlement package.

18. Defendants failed to respond to the December 1, 2011 letter.

19. Plaintiff is entitled to benefits from the Defendants and demand has been made upon the Defendants for benefits.

20. Defendants have unreasonably failed to investigate and respond to Plaintiff's request

3

for benefits, all to the detriment of the Plaintiff.

21. The Defendants have failed to comply with its obligations to the Plaintiff, all in willful, wanton, and gross violation of its duties to the Plaintiff, and to all policyholders, and has breached its obligation to deal fairly and in good faith.

22. Defendants have failed to conduct a full, fair, complete a timely investigation of Plaintiff's claims; and failed to evaluate and pay Plaintiff's claim in timely manner. In fact, Defendants have failed to even respond to Plaintiff's claim for benefits.

23. Plaintiff has incurred damages as a result of the actions of the Defendants, including but is not limited to, damages for financial losses suffered by the Plaintiff, embarrassment and loss of his reputation, and his mental pain and suffering.

24. Plaintiff has incurred tort damages due to the acts of the Defendant in violation of the obligation to deal fairly and in good faith with its insureds.

25. Defendants have breached their contract with Plaintiff and acted in bad faith.

26. Defendants herein should be punished by an award of punitive damages sufficient to deter the Defendants, and other insurance companies, from acting in a similar manner.

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendants for actual damages in a sum in excess of $10,000.00, punitive damages in a sum in excess of $10,000.00, costs, attorney's fees, and such other relief as allowed by law.

Respectfully submitted:

Kevin T. Sain, O.B.A. # 17814
Attorney at Law
P.O. Box 29
2100 E. Washington, Suite C
Idabel, OK 74745
(580) 208-2880
(580) 208-2886 FAX

And

Mark E. Fields, OBA #19091
Steidley & Neal, P.L.L.C.
100 E. Carl Albert Parkway
P.O. Box 1165
McAlester, OK 74502
918-423-4611
918-423-4620 - fax
*Attorneys for Plaintiff*

Jury Trial Demanded
Attorney Lien Claimed