# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN KRUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-73-RAW |
| | ) |
| OHIO CASUALTY COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the motion of defendants Ohio Casualty Corporation, Liberty Mutual Insurance Company and America First Insurance Company to dismiss. Defendant Ohio Casualty Insurance Company has filed an answer and does not join the motion. On April 30, 2010, plaintiff was involved in a motor vehicle accident with an underinsured motorist. Plaintiff filed a lawsuit in state court (from which it was removed to this court) on January 3, 2012. The petition alleges that plaintiff had a policy of insurance "issued by Defendants" which included uninsured/underinsured motorist coverage. Plaintiff alleges that he submitted his claim to defendants but he received a perfunctory response and no benefits have been paid.

Although the petition is not perfectly clear, plaintiff appears to claim all defendants are liable for negligence, breach of contract and bad faith in their handling of the plaintiff's claim. As pertinent to the present motion, the petition alleges that the four defendants "may or may not exist as separate legal entities." (¶10). The petition also alleges that "Plaintiff's

claims were seemingly handled by employees of both Defendant Ohio Casualty Insurance Company and America First Insurance Company." (¶11).

Movants seek to dismiss pursuant to Rule 12(b)(6) F.R.Cv.P. and under the governing Supreme Court standard. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). That is, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and a complaint that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Movants argue that none of them were a party to the insurance policy; rather, only plaintiff and defendant Ohio Casualty Insurance Company (which does not seek dismissal) were parties. As a matter of contract law, movants' position seems correct. As noted, however, plaintiff has also asserted negligence in the handling of his claim. In response to this point, movants state that "these Defendants are not parties to the Policy <u>and</u> played no role in the administration of the Policy." (Motion at 4)(emphasis added). This may well be correct, but movants do not state how a determination can be made regarding the conclusion in the second half of the previous sentence without at least some discovery.

The court notes plaintiff's statement in his response that defendants initially agreed to informal discovery which would have included providing plaintiff a copy of the claim file but have yet to do so. (Response at 3). In their reply, movants have not disputed this

statement. The Tenth Circuit has noted that one criticism of viewing *Twombly* as requiring a heightened fact-pleading standard is that plaintiffs will need discovery before they can satisfy plausibility requirements when there is asymmetry of information, with the defendants having all the evidence. *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir.2012). A case involving an insurance claim file would seem a prime example of such asymmetry[*].

Plaintiff states confidently: "Privity of contract is not required for one or more these Defendants to be found liable for negligence." This is uncertain. The Fifth Circuit, for example, has held that Texas law does not recognize a cause of action for negligent claims handling. *See Northwinds Abatement, Inc. v. Employers Ins. of Wausau,* 258 F.3d 345, 352 (5th Cir.2001). Plaintiff has not pointed to any authority on the issue under Oklahoma law, but movants have not raised this argument either. Under the circumstances, the court will not dismiss any defendant at this time. Discovery may proceed, including the informal discovery the parties have evidently agreed upon. If such discovery leads plaintiff to voluntarily dismiss certain defendants, that is all to the good.

---

[*]The court is especially reluctant to dismiss movant America First Insurance Company because its name appears prominently on the policy declaration. In smaller print is the statement "Coverage is provided by The Ohio Casualty Insurance Company," but this could easily be confusing to an insured. Exploration of the "alter ego" issue is appropriate.

It is the order of the court that the motion to dismiss (#10) is DENIED.

**ORDERED THIS 8th DAY OF MAY, 2012.**

**Dated this 8th day of May, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma